# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

Marlon D. Riddley,

    Plaintiff,

v.

Joel Brott, Sheriff Sherburne County;
and Adam Walkley, Correctional Officer,

    Defendants.

**Case No. 15-cv-569 (ADM/SER)**

**REPORT AND RECOMMENDATION**

STEVEN E. RAU, United States Magistrate Judge

  The above-captioned case comes before the undersigned on Defendants Joel Brott and Adam Walkley's Motion for Dismissal ("Motion to Dismiss") [Doc. No. 19]. This matter was referred for a Report and Recommendation pursuant to 28 U.S.C. § 636 and District of Minnesota Local Rule 72.1. For the reasons stated below, the Court recommends granting the Motion to Dismiss and dismissing the action in its entirety without prejudice.

**I.  BACKGROUND**

  Plaintiff Marlon D. Riddley ("Riddley"), an inmate previously at Sherburne County Jail,[1] initiated this civil rights case pursuant to 42 U.S.C. § 1983 on February 7, 2015. *See* (Compl. for Violation of Civil Rights Under 42 U.S.C. § 1983, "Compl.") [Doc. No. 1]. In the Complaint, Riddley names Sherburne County Sheriff Joel Brott ("Brott") and Correctional Officer Adam

---

[1]  According to the Minnesota Department of Corrections Offender locator, Riddley was transferred from Sherburne County and is currently serving a sentence at the Minnesota Correctional Facility in Faribault, Minnesota ("MCF-Faribault"). *Offender Locator*, Minnesota Department of Corrections, https://coms.doc.state.mn.us/PublicViewer (search for MNDOC Offender ID 204840).

Walkley ("Walkley") as the defendants. (Compl. 1, 4). Riddley identified the defendants by their state positions but did not specify whether he is suing Brott or Walkley in their official or individual capacities. *See generally* (*id.*).

Riddley claims that on January 10, 2015, Walkley threw Riddley's money order "in the trash," and he never received the funds into his inmate account. (*Id.* at 4). Consequently, Riddley requests monetary damages and injunctive relief. (*Id.* at 5). Specifically, Riddley seeks monetary damages with respect to the past money order, the stress caused to his family, and the cost to his family for "accepting collect calls at a high rate because [he] couldn't call with the money they sent." (*Id.*). Further, Riddley seeks to be transferred into the custody of the Department of Corrections ("DOC") "for . . . fear of retaliation." (*Id.*).

On October 30, 2015, Brott and Walkley moved to dismiss the Complaint with prejudice under Federal Rule of Civil Procedure 12(b)(6), claiming Riddley failed "to state a claim upon which relief can be granted."[2] *See* (Defs.' Mem. of Law in Supp. of Their Mot. for Dismissal & Summ. J.) [Doc. No. 20 at 3, 6, 11]. Riddley did not respond to the motion.

## II.  LEGAL STANDARD

Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a party may move the court to dismiss a claim if, on the pleadings, a party has failed "to state a claim upon which relief can be granted." The complaint "must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Zutz v. Nelson*, 601 F.3d 842, 848 (8th Cir. 2010) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Pro se pleadings must be construed liberally, but they "may not be merely conclusory: the complaint must allege facts, which if true, state a claim as a matter of law." *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). A court accepts the facts

---

[2]  Defendants alternatively argued they were entitled to summary judgment. (Defs.' Mem. of Law in Supp. of Their Mot. for Dismissal & Summ. J.) [Doc. No. 20 at 5].

alleged in the complaint as true, and grants "reasonable inferences in favor of the nonmoving party." *Lind v. Midland Funding, L.L.C.*, 688 F.3d 402, 405 (8th Cir. 2012). Legal conclusions "must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Iqbal*, 556 U.S. at 679. The factual allegations, however, "must be enough to raise a right to relief above the speculative level[.]" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

## III.   DISCUSSION

### A.   Mootness

The Court begins by noting that to the extent Riddley's Complaint seeks a transfer to the DOC, his request for relief is moot. During the pendency of this matter, Riddley was transferred to MCF-Faribault. *Offender Locator*, Minnesota Department of Corrections, https://coms.doc.state.mn.us/PublicViewer (search for MNDOC Offender ID 204840).[3] As a result, any injunctive relief "would be impossible for . . . defendants to execute [because] their authority and power is limited solely" to those in Sherburne County's custody. *See Randolph v. Rogers*, 253 F.3d 342, 346 (8th Cir. 2001). Additionally, Riddley received the transfer he sought which also renders his request moot. Therefore, Riddley's only request for injunctive relief—a transfer to the DOC—is moot.

### B.   Failure to State a Claim

Walkley and Brott are employees of Sherburne County. (Comp. 1, 4). "Public servants may be sued under section 1983 in either their official capacity, their individual capacity, or both." *Johnson v. Outboard Marine Corp.*, 172 F.3d 531, 535 (8th Cir. 1999). Absent an express

---

[3]   "[A] district court may take judicial notice of public records and may thus consider them on a motion to dismiss." *Stahl v. U.S. Dep't of Agric.*, 327 F.3d 697, 700 (8th Cir. 2003).

statement that a plaintiff sues defendants in their individual capacities, the court must construe a complaint as making claims against defendants in their official capacities only. *See id.* ("Because section 1983 liability exposes public servants to civil liability and damages, we have held that only an express statement that they are being sued in their individual capacity will suffice to give proper notice to the defendants. Absent such an express statement, the suit is construed as being against the defendants in their official capacity." (citations omitted)). Riddley's Complaint does not specify the capacity in which he sues Walkley and Brott, and thus this Court must construe his Complaint as only raising claims against Brott and Walkley in their official capacities. *See* (Compl.); *Johnson*, 172 F.3d at 535.

"It is . . . well-settled that a § 1983 claim against a government employee in his or her official capacity is deemed to be a claim against that person's governmental employer." *Washington v. Anoka County Jail*, No. 10-cv-4938 (JRT/FLN), 2012 WL 1886482, at *4 (D. Minn. May 2, 2012) (Noel, Mag. J.), *adopted by* 2012 WL 1886479 (May 23, 2012) (Tunheim, J.). Therefore, Riddley's § 1983 claim "must be treated as a claim against" Sherburne County. *See id.* For Riddley to succeed in his § 1983 claim, he must show that the "'municipality *itself* caused the constitutional violation at issue.'" *See Elder-Keep v. Aksamit*, 460 F.3d 979, 986 (8th Cir. 2006) (emphasis in original) (quoting *Kuha v. City of Minnetonka*, 365 F.3d 590, 604 (8th Cir. 2003)).

> To establish liability in an official-capacity suit under section 1983, a plaintiff must show either that the official named in the suit took an action pursuant to an unconstitutional governmental policy or custom, or that he or she possessed final authority over the subject matter at issue and used that authority in an unconstitutional manner.

*Nix v. Norman*, 879 F.2d 429, 433 (8th Cir. 1989) (citation omitted); *see also Angarita v. St. Louis County*, 981 F.2d 1537, 1546 (8th Cir. 1992) ("A municipality may be held liable under

Section 1983 only if a municipal custom or policy caused the deprivation of [a] right protection by the constitution or federal laws.").

In the present case, Riddley's Complaint fails to plausibly allege that Brott or Walkley took any actions pursuant to **any** policy, custom or practice, much less an unconstitutional one. *See generally* (Compl.). That is, Riddley does not allege facts that, if true, would show that Sherburne County was the "'moving force'" behind an alleged deprivation of rights. *See Daywitt v. Minnesota*, No. 14-cv-4526 (MJD/LIB), 2015 WL 4094199, at *12 (D. Minn. July 6, 2015) (Brisbois, Mag. J., as adopted by Davis, J.) (quoting *Kentucky v. Graham*, 473 U.S. 159, 166 (1985)). Additionally, this Court "cannot infer the existence of an unconstitutional [county] policy, or custom . . . from th[e] single occurrence" alleged in Riddley's Complaint. *See Wedemeier v. City of Ballwin*, 931 F.2d 24, 26 (8th Cir. 1991). Therefore, to the extent Riddley seeks relief for Brott and Walkley's alleged conduct, he has failed to state a claim for which relief can be granted.[4]

"[T]he Eighth Circuit and this Court generally favor dismissals under Rule 12(b)(6) without prejudice, at least where there is no evidence of persistent pleading failures." *Holmseth v. City of E. Grand Forks*, No. 14-cv-2970 (DWF/LIB), 2015 WL 4488424, at *20 (D. Minn. July 23, 2015) (Brisbois, Mag. J., as adopted by Frank, J.). Therefore, this Court recommends dismissing the Complaint without prejudice.[5]

## IV.   RECOMMENDATION

Based upon all the files, records, and proceedings herein, **IT IS HEREBY**

---

[4] The Court further notes that Riddley's Complaint does not identify any action Brott took at all, much less any action that allegedly violated Riddley's constitutional rights. (Compl.). For this reason as well, Riddley has failed to state a claim against Brott.

[5] Because the Court concludes that Riddley fails to state a claim for which relief may be granted, this Court does not address Brott and Walkley's argument that they are entitled to Summary Judgment.

**RECOMMENDED** that

1. Defendants' Motion to Dismiss [Doc. No. 19] be **GRANTED**; and

2. This action be **DISMISSED without prejudice.**

Dated: July 25, 2016

                                       *s/Steven E. Rau*
                                       STEVEN E. RAU
                                       United States Magistrate Judge

**Notice**

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore, not appealable directly to the Eighth Circuit Court of Appeals.

Under D. Minn. LR 72.2(b)(1) "a party may file and serve specific written objections to a magistrate judge's proposed findings and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. LR 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in LR 72.2(c).

**Under Advisement Date:** This Report and Recommendation will be considered under advisement 14 days from the date of its filing. If timely objections are filed, this Report and Recommendation will be considered under advisement from the earlier of: (1) 14 days after objections are filed; or (2) from the date a timely response is filed.